UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:  White Plains Division
------------------------------------------------------------------------------------------------------------

| | |
|---|---|
| JAMES BOYKIN, ) | |
| ) | 7:22-CV-10513 (CS) |
| Plaintiff, ) | |
| ) | |
| -against- ) | ORDER OF REMAND |
| ) | |
| WESTCHESTER COUNTY JAIL, ) | |
| WESTCHESTER COUNTY ) | |
| DEPARTMENT OF CORRECTION, ) | |
| WCDOC JOSEPH K. SPANO, COMMISSIONER - ) | |
| WESTCHESTER COUNTY, ) | |
| WESTCHESTER COUNTY EXECUTIVE, ) | |
| NURSE PRACTITIONER ZOETH, ) | |
| NURSE "JANE" MONROE (the first name ) | |
| being fictitious and unknown), ) | |
| NURSE MONIQUE "DOE" (the last name being ) | |
| fictitious and unknown), ) | |
| NURSE PRACTITIONER LISA PALMIERI, ) | |
| MEDICAL SUPERVISOR RAUL ULLOA, ) | |
| OFFICER D. MARTINEZ, ) | |
| SERGEANT PRICE, ) | |
| WELLPATH INC. a/k/a WELLPATH CARE INC. ) | |
| CORRECT CARE SOLUTIONS INC. a/k/a ) | |
| NEW YORK CORRECT CARE SOLUTIONS ) | |
| MEDICAL SERVICE, P.C. & ) | |
| NEW YORK CORRECT CARE SOLUTIONS, LLC, ) | |
| ) | |
| Defendants. ) | |

------------------------------------------------------------------------------------------------------------

Hon. C. Seibel, United States District Judge:

   Plaintiff, on August 1, 2022, filed within Westchester County Supreme Court a Summons

With Notice alleging abuses and lack of treatment for the time he was held as an inmate within

Westchester County Jail noting he has since been released.

   The Summons With Notice alleged "...*inter alia*: negligence, gross negligence, failure to

train, failure to monitor and failure to supervise the staff, agents and servants of Westchester County

and Westchester County Department of Corrections and the Medical Providers as to the above private entities, retaliation, violations of state and federal laws, recklessness, reckless and wanton conduct and disregard of the rights and safety of the Plaintiff, intentional infliction of emotional distress, negligent infliction of emotional distress and potential claims of exacerbation of prior conditions, with resultant losses therefrom", as against the above named Defendants.

The allegations included the failure to maintain the yard within Westchester County Jail which led to injuries being sustained by Plaintiff, and then the failure to properly treat the injuries, to the extent of a deliberate indifference by Westchester County Jail and its agents and servants as well as the medical defendants who were at the relevant time employees of Wellpath by its various entities.

The summons with notice was duly served and the defendants appeared by respective counsel.

On December 13, 2022, a Notice of Removal was filed within this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 by defendants County of Westchester, Westchester County Department of Correction, Westchester County Jail, Commissioner Joseph K. Spano, Westchester County Executive, Officer Martinez and Sergeant Price (collectively, "County Defendants").

The action was accepted by the New York Southern District Court, and a Case Opening Initial Assessment Notice was issued December 14, 2022.

Plaintiff filed his Federal Action Complaint on February 15, 2023 and thereafter amended the complaint.

Defendants on November 13, 2023 filed a motion pursuant to FRCP 12(b)(6) seeking dismissal of Plaintiffs Amended Complaint which was opposed and requested a remand back to New

York State Supreme Court should the federal claims be dismissed.

By Decision and Order rendered September 20, 2024, all federal claims were dismissed, thereby allowing the remaining New York State causes of action to be returned to New York State Supreme Court.

On November 25, 2024, by letter to this Court it was learned the Wellpath Defendants had sought US Bankruptcy Court protection in the Southern District Court of Texas including invocation of the Bankruptcy Court Stay under USBC Code § 362 which held the matter in abeyance until June 11, 2025.

On June 11, 2025, with the United States Bankruptcy Stay lifted, Plaintiff was directed to file an Order of Remand as to the remaining New York State Court Actions.

**DISCUSSION**:

THE FINDINGS OF THIS COURT REQUIRE REMAND TO NEW YORK STATE COURT.

As such, the parties have conferred and agree that claims against defendants Spano, Latimer, Westchester County Jail, and Westchester County Department of Corrections were dismissed with prejudice, and therefore those defendants should not be named as defendants in the state court action.

The parties also agree the first six causes of action were dismissed by the court and will not be alleged in the remanded state court pleading.

Further, all references and allegations relating to CRIPA & McNulty will not be included in the remanded state court pleading. As such, based upon a conference between counsel, the state claims from the FAC which are agreed to be potentially viable and returned to New York State Court are as follows:

| Westchester County | Negligence (premises liability) as to the maintenance of the yard and jail facility<br>Negligence<br>Gross negligence<br>Negligent supervision, hiring & retention |
|---|---|
| Medical Supervisor Raul Ulloa | Gross negligence<br>Negligence<br>Negligent supervision, hiring & retention<br>Intentional infliction of emotional distress<br>Negligent infliction of emotional distress |
| Wellpath/Correct Care | Gross Negligence<br>Negligence<br>Negligent supervision, hiring & retention |
| Nurse Practitioner Zoeth | Gross Negligence<br>Negligence<br>Intentional infliction of emotional distress<br>Negligent infliction of emotional distress |
| Nurse "Jane" (fictitious) Monroe | Gross Negligence<br>Negligence<br>Intentional infliction of emotional distress<br>Negligent infliction of emotional distress |
| Nurse Monique Doe (fictitious) | Gross Negligence<br>Negligence<br>Intentional infliction of emotional distress<br>Negligent infliction of emotional distress |
| Nurse Practitioner Lisa Palmieri | Gross Negligence<br>Negligence<br>Intentional infliction of emotional distress<br>Negligent infliction of emotional distress |
| Officer D. Martinez | Gross Negligence<br>Negligence<br>Intentional infliction of emotional distress<br>Negligent infliction of emotional distress<br>Negligent supervision, hiring & retention |
| Sergeant Price | Gross Negligence<br>Negligence<br>Intentional infliction of emotional distress<br>Negligent infliction of emotional distress<br>Negligent supervision, hiring & retention |

The parties acknowledge that prior to filing a NYS complaint Plaintiff will advise whether medical malpractice is claimed and if so meet the obligations of CPLR § 3012-a.

## CONCLUSION

For the reasons hereinabove, this matter is hereby ordered remanded and returned to New York State Supreme Court and it is hereby So Ordered.

Dated: White Plains, New York
July 7, 2025

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

_____
Hon. C. Seibel, USDJ New York Southern District

Respectfully submitted by
JASNE & FLORIO, L.L.P.
Attorneys for Plaintiff
/s/ Hugh G. Jasne, Esq.
Hugh G. Jasne, Esq. (HGJ-5041)
30 Glenn Street - Suite103
White Plains, New York 10603
(914) 997-1212
hgj@jasneflorio.com